# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REGINALD IVY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:23-CV-1589-PLC |
| | ) |
| JACOBS & WASHINGTON, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Reginal Ivy's application to proceed in district court without prepaying fees or costs. (ECF No. 2). Having reviewed the application and the financial information submitted in support, the Court will grant the motion and waive the filing fee. Additionally, for the reasons discussed below, the Court will dismiss the complaint under 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). But even self-

represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff brings this action against Jacobs & Washington, a law firm based in Syracuse, New York, for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Plaintiff asserts that he received a voice message from someone named Holly Jones on September 5, 2023. *Id.* Plaintiff returned the call and spoke to Brian Jacobs, an employee of defendant. Jacobs told plaintiff that his wages are subject to garnishment because he owes money to a payday lender. Plaintiff received two more calls from defendant in the same month. This caused plaintiff to contact the lender directly and confirm that he does not owe money.

Plaintiff alleges that defendant "deceive[d] and harass[ed] the plaintiff in an attempt to pay on a nonexistent debt." Plaintiff seeks "an additional $5,000 to the $1,000 as prescribe [sic] in Title 15 U.S.C. § 1692k."

## Discussion

Because plaintiff is proceeding in forma pauperis, his complaint is subject to review under 28 U.S.C. § 1915. Having conducted that review, the Court concludes that plaintiff lacks standing to bring this action.

The purpose of the FDCPA "is to eliminate abusive debt collection practices by debt collectors, and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-19 (8th Cir. 2004). To that end, the FDCPA authorizes private lawsuits and fines to deter debt collectors from engaging in prohibited practices. *See Coyne v. Midland Funding, LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018). In passing the FDCPA, "Congress sought to prevent abusive practices including threats of violence; the publishing of shame lists; harassing or anonymous telephone calls; impersonating a government official or attorney; obtaining information under false pretenses; and collecting more than is legally owing." *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 913 (8th Cir. 2014).

The FDCPA prohibits a number of different debt collection practices. *See Nelson v. Midland Credit Mgmt., Inc.*, 828 F.3d 749, 751 (8th Cir. 2016). For example, a debt collector may not "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The FDCPA also generally prohibits debt collectors from using any false, deceptive, or misleading representation or means in debt collection. *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 694 (8th Cir. 2017); 15 U.S.C.

3

§ 1692e. Further, a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f; *see also Klein v. Credico, Inc.*, 922 F.3d 393, 397 (8th Cir. 2019).

"The FDCPA imposes civil liability only on debt collectors, as [that term is] defined by the statute." *Volden v. Innovative Financial Systems, Inc.*, 440 F.3d 947, 950 (8th Cir. 2006); s*ee also Lester E. Cox Medical Center, Springfield, Mo. v. Huntsman*, 408 F.3d 989, 992 (8th Cir. 2005) ("Designation as a debt collector is the starting point for liability under the [FDCPA]."). Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Supreme Court has termed this provision the "primary definition" of "debt collector." *Obduskey v. McCarthy & Holthus LLP*, 139 S.Ct. 1029, 1036 (2019). For the purposes of § 1692a(6), "debt collector" also encompasses "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6). The Supreme Court has referred to this as the "limited-purpose definition" of "debt collector." *Obduskey*, 139 S.Ct. at 1036.

"Because Congress's focus was on the practice of independent debt collectors, the statute excludes from the definition of 'debt collector' any creditor 'collecting his own debts' using his own name, and employees and affiliates 'collecting debts for such creditor.'" *Reygadas v. DNF Associates, LLC*, 982 F.3d 1119, 1122 (8th Cir. 2020). That is, under 15 U.S.C. § 1692a(6), a person must "attempt to collect debts owed *another* before [they] can ever qualify as a debt collector." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 87 (2017) (emphasis original).

4

If a person is not collecting another's debts, that person is not regulated by the FDCPA. *See Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005) (explaining that "a distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all"). Thus, a plaintiff cannot maintain an action under the FDCPA unless the defendant qualifies as a "debt collector" under the statute. *See Duhart v. LRAA Collections*, 652 Fed. Appx. 483, 484 (8th Cir. 2016) (affirming summary judgment in favor of defendant, because defendant "was attempting to collect its own debt").

Liberally construed and accepted as true, the complaint alleges a plausible violation of the FDCPA. Plaintiff asserts that defendant attempted to contact plaintiff at least three times via telephone to collect a "nonexisting debt." Put another way, plaintiff alleges that defendant used false, deceptive, or misleading representations to collect a debt on behalf of another entity.

Even so, plaintiff bears the burden of establishing his standing to bring this action. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Frost v. Sioux City, Iowa*, 920 F.3d 1158, 1161 (8th Cir. 2019) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)). Thus, "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *see also Auer v. Trans Union, LLC*, 902 F.3d 873, 876-77 (8th Cir. 2018) (stating that "if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction"); *School of the Ozarks, Inc. v. Biden*, 41 F.4th 992, 997 (8th Cir. 2022) (stating that a "party invoking federal jurisdiction must" demonstrate Article III standing).

A violation of the FDCPA alone does not establish standing. *See Bassett v. Credit Bureau Servs., Inc.*, 60 F.4th 1132 (8th Cir. 2023) (holding that plaintiff lacked standing where plaintiff

5

could not establish a concrete injury in fact). To prove standing, plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Bassett*, 60 F.4th at 1134-35 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

Here, plaintiff merely asserts that "so many people [have] been accosted and harassed by this type of practice." (ECF No. 1). Plaintiff does not allege that defendant's conduct harmed him in any way. Thus, plaintiff lacks standing. *See TransUnion*, 594 U.S. at 423; *Bassett*, 60 F.4th at 1134-45. And because plaintiff lacks standing, the Court lacks subject matter jurisdiction over this matter. *See Cent. S. Dakota Co-op. Grazing Dist. v. Sec'y of U.S. Dep't of Agric.*, 266 F.3d 889, 895 (8th Cir. 2001) ("The issue of standing implicates constitutional limitations on federal court jurisdiction and prudential limitations on the exercise thereof.") (citation omitted). Therefore, the Court will dismiss the action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

6

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of  April, 2024.

                                                  HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE